IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gary Nelson, | ) | Case No. 0:21-cv-03150-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Kristin Graziano, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").  On November 15, 2021, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a Return.  ECF No. 14.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner has filed no objections, and the time to do so has lapsed.

---

[1] It appears this action has been recategorized as being brought pursuant to 28 U.S.C. § 2254.  As discussed below, the Court finds it is properly brought pursuant to § 2241.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, it appears this action has been recategorized. The Court finds that this action is properly brought pursuant to § 2241 because Petitioner is a pretrial detainee. *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) ("Pre-trial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (internal quotations and citation omitted)); *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) ("[P]risoners in state custody for some other reason, such as pre-conviction custody, custody awaiting

extradition, or other forms of custody that are possible without a conviction are able to take advantage of § 2241 relief." (internal quotation marks and citation omitted)); *see also* United States District Court for The District of South Carolina Instructions for Filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (indicating that a pro se filer should use Form AO 242 if "you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*").  Therefore, out of an abundance of caution for any future § 2254 action brought by Petitioner arising out of the charges identified in the Petition, the Clerk of Court is directed to recategorize this action as being brought pursuant to 28 U.S.C. § 2241.

While the Court finds this action has been miscategorized, nevertheless, the law analyzed by the Magistrate Judge is still applicable to the present action.  *See Westpoint v. Al Cannon*, No. CV 9:17-2137-RMG-BM, 2017 WL 5004812, at *2 (D.S.C. Oct. 6, 2017), *report adopted by*, 2017 WL 5027497 (D.S.C. Oct. 30, 2017).  Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge with respect to dismissal.  Therefore, the Petition is **DISMISSED** without prejudice and without requiring Respondent to file a Return.[2]

---

[2] The Court notes that the Report was returned as undeliverable.  ECF No. 18. Petitioner was previously informed that it is his responsibility to keep the Court apprised of his current address. ECF No. 5.

3

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 19, 2022
Spartanburg, South Carolina